UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RACHEL REGINA GRAHAM,**

    **Plaintiff,**

v.                                                     Case No: 5:24-cv-696-MSS-PRL

**INTERNAL REVENUE CRIMINAL
INVESTIGATION UNIT, JOHN
MAND, JANE DOE, and JOHN DOE,**

    **Defendants.**

## ORDER

Plaintiff Rachel Regina Graham ("Plaintiff"), who is proceeding *pro se*, filed this action against the Internal Revenue Criminal Investigation Unit and various John and Jane Does[1] within that unit (collectively, the "Defendants"). (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

**I.**     **LEGAL STANDARDS**

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that she is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim

---

[1] Plaintiff also sues "John Mand Joe Doe," but that appears to be a typographical error. (Doc. 1 at p. 3).

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). In deciding frivolousness, a court may consider "a litigant's history of bringing unmeritorious litigation." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

"Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)). In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content, allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 555-56. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

      Jurisdiction is a threshold issue in any case pending in the United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001); *see Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *See Univ. of So. Ala.*, 168 F.3d at 410; *Fitzgerald*, 760 F.2d at 1251. "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

## II.   DISCUSSION

Plaintiff uses the standard form entitled "Complaint and Request for Injunction" as her complaint, and included in Plaintiff's filing is the first page of the "Complaint for Violation of Civil Rights (Non-Prisoner)" form. (Doc. 1). Plaintiff's allegations in her complaint are almost entirely incomprehensible and resemble paranoid delusions. As best can be discerned from her sparse and vague allegations, it appears the Plaintiff is contesting the actions of the Internal Revenue Criminal Investigation Unit and individuals in that unit who were involved in an investigation of the Plaintiff. In a conclusory fashion and without specifying any factual details, Plaintiff asserts that the "investigation has been alleg[ed]ly evident for a[n] excessive number of years, even to present date that has resulted in irrepa[rable] personal injuries and gross punitive damages that far exceeds $75,000." (*Id*. at p. 5). She further alleges that "as a result[] of excessive years of on-going [sic] events, [she] ha[s] excessive irrepa[rable] personal damages to [her] entire state of being that ranges from the trauma, to distresses both physical and emotional[,]" "pain in [her] body [that] is unb[eara]ble," she "lost everything[,]" "ended up without transportation, homeless, unemployed[,]" and "left for dead[.]" (*Id*. at p. 6).

In response to the complaint form's inquiry regarding where the events giving rise to her claim occurred, Plaintiff states that the events occurred at "public school, hospitals, marketplaces, salons (both hair and nails)[,] residents, restaurants, parties, cruises, libraries, parks[,] colleges, governmental services offices, gas stations, laundromats, part stores, churches, dentist, Walmart, Krogers, [and] Publix." (*Id*. at p. 5). With respect to the date and approximate time of the events that gave rise to her claim, Plaintiff contends that the "events took place on a daily basis and no set times wherever [she] went." (*Id*.). She alleges that she has suffered irreparable injuries based on "emotional trauma and distress for such an excessive

timeline [that] can never be measured for what [she] ha[s] encountered in the past and for what [she is] presently encountering on a daily basis." (*Id*. at p. 6). Plaintiff demands "restitution for personal damages up to $500,000[,]" and "restoration for all punitive damages done to three motor vehicles, single-dwelling home, [and] all belongings that were lost as a result of events alle[g]ed by defend[a]nts[.]" (*Id*.).

### A.   Federal Rules of Civil Procedure

As an initial matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. The complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Instead, Plaintiff's complaint is replete with dubious legal conclusions and conjecture. For that matter, it is not even clear what legal claim(s) are brought, much less which defendants are sued in which claims. Although Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

### B.   Failure to State a Claim

Moreover, based on the very cursory allegations, Plaintiff states that she has suffered irreparable injuries by Defendants, whom she claims have been investigating her for several years. (Doc. 1 at p. 6). While Plaintiff checked the boxes on the form complaint to indicate that she is bringing her claims as a civil rights violation and tort for personal injuries (Doc. 1-1), she fails to allege any facts to support either claim. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

### C. Jurisdiction

Next, and significantly, Plaintiff has not alleged any basis for her claim(s) under federal law. While Plaintiff purports to rely on federal question jurisdiction in her complaint as she checked the "Federal Question" box for the basis of this Court's jurisdiction, she fails to list any federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. (Doc. 1 at p. 4). *See Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) ("[E]ven though a particular statute or rule need not necessarily be cited by name—it is generally agreed that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere reference.") (internal quotations omitted).

In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the basis for her claim(s). Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible. Moreover, the amended complaint must clearly state the basis for the Court to exercise jurisdiction over Plaintiff's claim. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### D. Incomplete Motion to Proceed in Forma Pauperis

Finally, Plaintiff's motion to proceed in forma pauperis is deficient because she did not complete the correct form. (Doc. 2). Plaintiff provides a standard form entitled "Application for Determination of Civil Indigent Status," but that form does not provide the

Court with complete information as required for an in forma pauperis application. Instead, Plaintiff must complete the "Application to Proceed in District Court Without Prepaying Fees or Costs" from the Court's website (https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or).

### III.   CONCLUSION

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall file an amended complaint and an amended motion to proceed in forma pauperis by **January 30, 2025**. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

- 8 -

**DONE** and **ORDERED** in Ocala, Florida on January 2, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties