UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RACHEL REGINA GRAHAM,

      Plaintiff,

v.                                                                    Case No: 5:24-cv-696-MSS-PRL

INTERNAL REVENUE CRIMINAL
INVESTIGATION UNIT, JOHN
MAND, JANE DOE, and JOHN DOE,

      Defendants.

_____

REPORT AND RECOMMENDATION[1]

      Plaintiff Rachel Regina Graham ("Plaintiff"), who is proceeding *pro se*, filed this action against the Internal Revenue Criminal Investigation Unit and various John and Jane Does[2] within that unit (collectively, the "Defendants"). (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). Previously, due to deficiencies noted in Plaintiff's complaint and motion to proceed in forma pauperis, the undersigned took Plaintiff's motion to proceed in forma pauperis under advisement and allowed Plaintiff to file an amended complaint and an amended motion to proceed in forma pauperis.[3] (Doc. 4). Plaintiff failed to file an amended complaint and an amended motion to proceed in forma pauperis within the time permitted

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiff also sues "John Mand Joe Doe," but that appears to be a typographical error. (Doc. 1 at p. 3).

[3] In its previous Order (Doc. 4), the Court noted that Plaintiff's motion to proceed in forma pauperis was deficient because she did not complete the correct form and allowed her to file an amended motion to proceed in forma pauperis.

and, thus, has not cured the noted deficiencies. Accordingly, the undersigned recommends that Plaintiff's motion to proceed in forma pauperis be denied and her complaint be dismissed.

## I.    LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that she is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). Further, the district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *See Clark*, 915 F.2d at 640, 640 n.2 (indicating that absolute immunity of the defendant would justify the dismissal of a claim as frivolous). Indeed, "[i]ndigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally

without merit." *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content, allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 555-56. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *See id.* at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Jurisdiction is a threshold issue in any case pending in the United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001); *see Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th

Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *See Univ. of So. Ala.*, 168 F.3d at 410; *Fitzgerald*, 760 F.2d at 1251. "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

## II.    DISCUSSION

As the Court observed in its prior Order (Doc. 4), Plaintiff uses the standard form entitled "Complaint and Request for Injunction" as her complaint, and included in Plaintiff's filing is the first page of the "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)" form (Doc. 1). Plaintiff's allegations in her complaint are almost entirely incomprehensible and resemble paranoid delusions. As best can be discerned from her sparse allegations in the complaint, it appears the Plaintiff is contesting the actions of the Internal Revenue Criminal Investigation Unit and individuals in that unit who were involved in an investigation of the Plaintiff. In a conclusory fashion and without specifying any factual details, Plaintiff asserts that the "investigation has been alleg[ed]ly evident for a[n] excessive number of years, even to present date that has resulted in irrepa[rable] personal injuries and gross punitive damages that far exceeds $75,000." (*Id.* at p. 5). She further alleges that "as a result[] of excessive years of on-going [sic] events, [she] ha[s] excessive irrepa[rable] personal damages to [her] entire state of being that ranges from the trauma, to distresses both physical and emotional[,]" "pain in [her] body [that] is unb[eara]ble," she "lost everything[,]" "ended up without transportation, homeless, unemployed[,]" and "left for dead[.]" (*Id.* at p. 6).

In response to the complaint form's inquiry regarding where the events giving rise to her claim occurred, Plaintiff states that the events occurred at "public school, hospitals, marketplaces, salons (both hair and nails)[,] residents, restaurants, parties, cruises, libraries, parks[,] colleges, governmental services offices, gas stations, laundromats, part stores, churches, dentist, Walmart, Krogers, [and] Publix." (*Id*. at p. 5). With respect to the date and approximate time of the events that gave rise to her claim, Plaintiff contends that the "events took place on a daily basis and no set times wherever [she] went." (*Id*.). She alleges that she has suffered irreparable injuries based on "emotional trauma and distress for such an excessive timeline [that] can never be measured for what [she] ha[s] encountered in the past and for what [she is] presently encountering on a daily basis." (*Id*. at p. 6). Plaintiff demands "restitution for personal damages up to $500,000[,]" and "restoration for all punitive damages done to three motor vehicles, single-dwelling home, [and] all belongings that were lost as a result of events alle[g]ed by defend[a]nts[.]" (*Id*.).

At the most basic level, Plaintiff's complaint fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short and plain statement of the claim showing that she is entitled to relief, as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). Instead, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. For that matter, it is unclear what legal claims are brought, much less which defendants are sued in which claims and how each defendant is legally responsible for each of the alleged wrongs. It is not enough for Plaintiff to claim that she was harmed and then list the John and Jane Does she believes are responsible. [4] Although Plaintiff is

---

[4] Generally, "fictitious-party pleading is not permitted in federal court." *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Although the Eleventh Circuit has created a limited exception when the plaintiff's description of the defendant is specific enough to identify the defendant,

proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, based on the very cursory allegations provided, Plaintiff states that she has suffered irreparable injuries by Defendants, whom she claims have been investigating her for several years. (Doc. 1 at p. 6). While Plaintiff checked the boxes on the form complaint to indicate that she is bringing her claims as a civil rights violation and tort for personal injuries (Doc. 1-1), she fails to allege sufficient facts to support either claim. Thus, even construing her allegations liberally, Plaintiff's complaint fails to state a cognizable claim.

Finally, and significantly, Plaintiff has not alleged any basis for her claims under federal law or otherwise to establish federal question jurisdiction. While Plaintiff purports to rely on federal question jurisdiction in the complaint as she checked the "Federal Question" box for the basis of this Court's jurisdiction (Doc. 1 at p. 4), she fails to set out any federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case and fails to allege any basic facts necessary to establish federal question jurisdiction.[5] *See Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983)

---

*see id.*, here, the mere references to "John and Jane Doe" and "John Mand Jane Doe" in Plaintiff's complaint are insufficient to identify the Defendants among the many employees and officials employed at the Internal Revenue Service ("IRS").

[5] Additionally, Plaintiff named as a defendant the Internal Revenue Criminal Investigation Unit, which is a division of the IRS. The IRS is an agency with sovereign immunity. *See Ishler v. Comm'r*, 442 F. Supp. 2d 1189, 1203 (N.D. Ala. 2006) ("The protection of sovereign immunity generally extends to claims against the United States, agencies of the United States government, and employees of those agencies sued in their official capacities."), *aff'd sub nom*, *Ishler v. Internal Revenue*, 237 F. App'x 394 (11th Cir. 2007). The IRS is not an agency open to suit. *See Holmstrom v. United States*, No. 8:02-CV-2006-T-17MAP, 2003 WL 21254624, at *3 (M.D. Fla. Apr. 4, 2003) ("An executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly conferred by Congress."); *We The People v. I.R.S.*, No. 95-297-CIV-ORL-22, 1996 WL 512382, at *1 (M.D. Fla. May 29, 1996) ("Congress has not authorized citizens to sue the IRS."), *aff'd sub nom*, *We People v. IRS*, 132 F.3d 1459 (11th Cir. 1997); *Henry v.*

("[E]ven though a particular statute or rule need not necessarily be cited by name—it is generally agreed that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere reference.") (internal quotations omitted). Thus, Plaintiff's complaint fails to establish this Court's jurisdiction.

The Court previously advised Plaintiff of these deficiencies in the complaint and, in an abundance of caution, provided Plaintiff the opportunity to file an amended complaint. Plaintiff failed to file an amended complaint, and the time for doing so has now passed.[6]

## III.   RECOMMENDATION

Accordingly, for the foregoing reasons, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 2) be denied and her complaint (Doc. 1) be dismissed.

**Recommended** in Ocala, Florida on February 5, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

*United States*, 277 F. App'x 429, 435 (5th Cir. 2008) ("Congress has not authorized the IRS to sue or to be sued.").

[6] The undersigned observes that Plaintiff has a separate case pending in this district in *Graham v. Commissioner of Social Security*, No. 5:24-cv-712-JSS-SPF (pending). There, the Court took Plaintiff's motion to proceed in forma under advisement on January 7, 2025, and allowed Plaintiff until February 6, 2025 to file an amended complaint. Plaintiff has not filed an amended complaint to date.