UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RACHEL REGINA GRAHAM,**

    **Plaintiff,**

**v.**                                                   Case No: 5:24-cv-696-MSS-PRL

**INTERNAL REVENUE CRIMINAL INVESTIGATION UNIT, JOHN MAND, JOHN DOE, and JOHN DOE,**

    **Defendants.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Application for Determination of Civil Indigent Status, (Dkt. 2), which the Court construes as a motion to proceed *in forma pauperis*. Also before the Court is Plaintiff's Complaint. (Dkt. 1) On January 2, 2025, United States Magistrate Judge Philip R. Lammens entered an Order taking the Motion to Proceed *In Forma Pauperis* under advisement and directing Plaintiff to file an amended complaint on or before January 30, 2025. (Dkt. 4) In the Order, Judge Lammens advised Plaintiff of the Complaint's deficiencies. (See id.) Judge Lammens warned that the failure to timely file an amended complaint could result in a recommendation that this action be dismissed for failure to prosecute. (Id. at 7)

Plaintiff failed to timely file an amended complaint. Accordingly, on February 2, 2025, Judge Lammens issued a Report and Recommendation, (Dkt. 5), which recommended Plaintiff's Motion to Proceed *In Forma Pauperis* be denied and the Complaint be dismissed. Plaintiff has not objected to Judge Lammens's Report and Recommendation and the deadline for doing so has passed. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* and **DISMISSES** the Complaint.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence

of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 5), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Plaintiff's Motion to Proceed *In Forma Pauperis*, (Dkt. 2), is **DENIED**.

3. The Complaint, (Dkt. 1), is **DISMISSED**.

4. The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of February 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person